UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Teresa J. Taylor, | Case No. 3:08 CV 0287 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | |
| Randolph S. Taylor, | JUDGE JACK ZOUHARY |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff, Teresa J. Taylor, brings this *in forma pauperis* action against Randolph Scott Taylor. Plaintiff maintains that this court has jurisdiction based on asserted violations of the International Doctrine of Human Rights, "Sex Crimes Against Children," "Child Abuse," "VAWA [Violence Against Women's Act]," Adam Walsh laws, criminal statutes, and violations of her First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendment rights. She seeks $1,000,000 in damages.

### BACKGROUND

Plaintiff alleges she was molested by Defendant from 1976 until 1985. She describes Mr. Taylor as her father's youngest brother (uncle). These acts allegedly began when Plaintiff was approximately eight years old and Defendant was eighteen. When Plaintiff turned thirteen years old,

"the oldest sister" allegedly reported Defendant's behavior to his mother, who threatened the Defendant's life if he continued molesting Plaintiff.

Plaintiff now claims she is unable to sleep properly and is suffering from post traumatic stress disorder. She adds that "[a] recent addition to the U.S.C. Collection 213 3283, U.S.C. 18 enables crimes against children to be prosecuted no matter the length of time that passes" (Compl. ¶3).

### STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, generous construction of *pro se* pleadings is not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v.City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434,437 (6th Cir. 1988).

District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* Moreover, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971) (conclusory § 1983 claim

dismissed).

## CIVIL RIGHTS CLAIMS

Even liberally construing Plaintiff's constitutional claims, the Court cannot identify a valid claim for relief. To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendant, acting under color of state law, deprived plaintiff of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). A private party's actions constitute state action under § 1983 only where the private entity's actions may be "fairly attributable to the state." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

To determine whether there was state action in a particular case, the Supreme Court has developed three tests: 1) public function test; 2) state compulsion test; and 3) symbiotic relationship or nexus test. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). Here, none of these tests apply because Plaintiff failed at the outset to allege Defendant was acting under color of state law.

## INTERNATIONAL HUMAN RIGHTS DOCTRINE

Ms. Taylor's reference to a violation of the "International Human Doctrine" is unavailing. Taking note of similar assertions she has made in many other cases she has recently filed in this court, she is apparently referring to the Universal Declaration of Human Rights (UDHR).[1] The UDHR recognizes the right to be free from torture. UDHR, G.A. Res. 217A(III), U.N. GAOR, 3d Sess., U.N. Doc. A/810, at 71 (1948). The UDHR is merely a resolution of the United Nations, and is not binding on the United States. *See Flores v. S. Peru Copper Corp.*, 343 F.3d 140, 165 & n. 36,

---

[1] Effective March 20, 2008, Plaintiff was enjoined from filing any new cases in the United States District Court for the Northern District of Ohio, without seeking and obtaining leave to do so. *See Taylor v. Son*, No. 4:08-cv-00047 (N.D. Ohio 2008)

167-68 & n. 38, 169 (2d Cir. 2003). It does not serve as a legal basis for a cause of action.

### VIOLENCE AGAINST WOMEN ACT

Plaintiff's citation to the "VAWA" is apparently a reference to the Violence Against Women Act, 42 U.S.C. § 13981. In 2000, the Supreme Court determined that: (1) the Commerce Clause did not provide Congress with authority to enact the civil remedy provision of VAWA, as that provision was not a regulation of activity that substantially affected interstate commerce, and (2) the enforcement clause of the Fourteenth Amendment did not provide Congress with authority to enact the provision. *United States v. Morrison*, 529 U.S. 598 (2000). Since the Supreme Court has determined the statute is unconstitutional, Plaintiff cannot pursue a civil claim under the VAWA.

### CONCLUSION

Accordingly, this action is dismissed under § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 31, 2008

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial Court certifies that it is not taken in good faith.